**In re Glenn MARTINSON and Lorraine Martinson as husband and wife, on behalf of themselves and of others similarly situated,**

**v.**

**FEDERAL LAND BANK OF ST. PAUL, Larry Buegler in his capacity as President and Chief Executive of Federal Land Bank St. Paul, Robert Palmer in his capacity as Chief Executive Officer of Farm Credit Services of Grand Forks, Ross Olson in his capacity as Vice President of Special Accounts for Farm Credit Services of Grand Forks;**

and Bruce Bullinger in his capacity as Sales Officer for Farm Credit Services of Grand Forks.

No. A2 88–31.

United States District Court, D. North Dakota.

April 28, 1988.
Order of Dismissal May 30, 1989.

William A. Robbins, Duane G. Elness, Associate, Duane G. Elness, Cavalier, N.D., for plaintiffs.

Douglas A. Christensen, Grand Forks, N.D., for Federal Land Bank of St. Paul, Robert Palmer, Ross Olson and Bruce Bullinger.

Faegre & Benson, D. Charles MacDonald and James B. Loken, Gordon G. Busdicker, Minneapolis, Minn., for Larry Buegler, in his capacity as President and Chief Executive of Federal Land Bank St. Paul, plus all other defendants listed in caption.

WEBB, District Judge.

The Court is ready to rule on the motions before it.

First on the motion for the continuance of the Injunction. The Court finds that the Agricultural Credit Act of 1987 was broadly intended to serve the public interest by alleviating the financial crisis in agriculture

through specific provisions intended to assist both agricultural lenders and borrowers. Section 108 of the Act is one specific provision which was intended, is intended to strike a balance between minimizing the burden on the farm credit system and keeping family farmers on the farm.

This Court is impressed by the fact that Congress placed Section 108 under Title I of the '87 Act entitling it "Assistance to Farm Credit System Borrowers." I conclude there is an intention that Section 108 be of benefit to borrowers and as specified in Section 108 previous owners who were borrowers.

■ Second, the Court finds that the focus of Section 108 is on prospective sales of acquired property and that there was no Congressional intent to apply Section 108 to sale procedures to some acquired property but not all. The law specifically applies to all agricultural real estate that "is acquired". The phrase "that is acquired" describes a type of property (acquired real estate) and is temporally neutral in that it is not referring to time.

Since the plaintiffs' property is "acquired real estate" it is clearly in the class of acquired real estate which was intended to be included in Section 108. That fact that Section 108 applies to property which was acquired prior to January 6th, 1988, does not make it a retroactive provision, as the Section deals not with the prior acquisition of property but with its prospective sale.

■ Third, the Court finds that the Injunction is a particularly appropriate form of relief in a case such as this, and that the plaintiffs are entitled to seek injunctive relief in this court. Section 108 clearly grants a right of first refusal to repurchase property to a defined class of persons of which the plaintiffs are members. While it may normally be the case that such a right is to be enforced through administrative procedures pursuant to promulgated regulations, we do not yet have any regulations implementing Section 108 of the 1987 Act which have been found to be suitable through the Congressional review and public comment process.

There still remains a question as to whether someone in the position of the plaintiffs would have a private cause of action or standing to seek an injunction `after final regulations have been promulgated, but the Court does not reach that question here. This Court simply finds that in the unique posture of this case, injunction is an appropriate and available remedy.

The Court finds that the procedure, this is four, the Court finds that the procedure for sale of acquired real estate is as outlined in Section 108 is clearly unambiguously and materially at odds with the procedure suggested by the defendants in this case, and that the procedure suggested by the defendants is in violation of the plaintiffs' rights under Section 108.

■ As was noted above the Farm Credit Administration has not yet promulgated any regulations which have gone through the review and comment process. Consequently, the Court is not compelled or inclined to defer to an interim agency interpretation as shown in the appendix to the defendant's brief which was identified I think as a Proposed Regulation Section 614.4522(c) and entitled "except as provided in paragraph (c)."

■ The Court finds that particular phrase is bizarre and unusual. There is no support in the legislation for this additional phrase which changes the whole meaning of the law as shown in Section 108. In reviewing legislative history as well the plain language of the statute, the Court is clearly convinced a two-step process is intended. After the institution of the system makes an election to sell the previous owner is first to be given an opportunity to make a private offer on the property at or below the appraised fair market value pursuant to subsection (b). Then, only if he refuses to make an offer or makes a below appraisal offer which is rejected, may the lender then proceed with a public sale pursuant to subsection (d). The defendants' suggested procedure is contrary to law in that it bypasses the private sale step under (b) and goes directly to a public sale of its own invention which is a hybrid of both (b) and (d). The Court at this time does not

pass judgment on the merit of the defendants' hybrid procedure. It may very well be a superior procedure. However, it is not the procedure provided for in the law.

Lastly, the Court finds that a sale of land which has been deemed to be contrary to law would clearly be in opposition to the public interest. Further, such a sale might well cause the plaintiffs to suffer an irreparable injury in the form of forever losing their right to reacquire their former property and perhaps be precluded from any remedy at law. This danger of irreparable injury to the plaintiffs greatly outweighs any potential harm to the defendants who are not precluded from selling the land by way of a procedure which is not in conflict with Section 108.

### ORDER OF DISMISSAL

On March 13, 1989, this court entered an Order in the above-captioned case modifying an injunction which was originally issued by the court on April 21, 1988. The purpose of the modification was to extend the original injunction to remain in effect until final action was taken on Appeal No. 88–5202, which was taken by the defendant from this court to the Eighth Circuit Court of Appeals. On May 5, 1989, the Eighth Circuit Court of Appeals entered a Judgment which, among other things, dismissed Appeal No. 88–5202 and remanded the above-captioned case back to this court.

The original injunction ordered by the court on April 21, 1988, was only to remain in effect until final regulations were promulgated by the Farm Credit Administration, and the modified and extended injunction ordered on March 13, 1989, was only to remain in effect until final action was taken by the Eighth Circuit Court of Appeals. Since both of these circumstances have now come to pass, it is now

ORDERED that the above-captioned case is hereby DISMISSED and the injunction previously issued and extended is hereby DISSOLVED.